*Morales v. Adams*, 6-1-17 Wncv (Teachout, J., June 28, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                      **CIVIL DIVISION**
**Washington Unit**                                                      **Docket No. 6-1-17 Wncv**

**Willard F. Buell and Serendipity Morales**
    **Plaintiffs**

    **v.**

**Ed Adams et al.**
    **Defendants**

### ORDER TO SHOW CAUSE

The complaint, filed on January 5, 2017, asserts that the plaintiffs are in a monogamous, same-sex relationship and seeks $7,600,000 for largely undefined claims based on the plaintiffs' sexual orientation or identity. The named plaintiffs are Serendipity Morales and Willard Buell. Defendants consist of the State and 7 individual corrections officials. In the signature block of the complaint are signatures for both Morales and Buell. Two notices of pro se appearances and motions to waive filing fees were also filed, one set for each plaintiff. The ones for Mr. Buell purport to be signed by him. Court staff granted the motions to proceed *in forma pauperis*.

On January 13, 2017, the plaintiffs filed a one-page handwritten motion seeking to voluntarily dismiss the complaint. It purports to be signed by both Ms. Morales and Mr. Buell.

On January 17, 2017, the court received a letter from Mr. Buell which reads as follows:

> I am writing you as I received this notice of this case that was filed with this Honorable Court and I don't have any idea when it was filed as I knew nothing about this case until I received this notice this morning.
> I have had nothing to do with this case being filed nor did I even know that the case was being filed or who it was filed against.
> I am writing this Honorable Court to request that my name be withdrawn from this case I have no idea what the case even consists of and I would like for my name to be withdrawn from this case, and if this Honorable Court receives anymore filings from Serendipity Morales that has my name included I would like to ask that this Honorable Court forward anything that is filed with my name on it that is filed by Serendipity Morales to me here at the Southern State Correctional Facility in Springfield, Vermont.
> I have never received anything to do with this case until I received this notice this morning, so as stated I have no idea what this case even consists of.
> I would like to know if my name was signed to this filing as I state I have never seen this case prior to today.
> I would really appreciate my name being withdrawn from this case and not have my name involved in any of this filing [*sic*].

On January 27, 2017, the court granted the motion to dismiss as to Mr. Buell only, and scheduled a show cause hearing at which "Serendipity Morales will be required to explain how the case came to be filed with Mr. Buell as a plaintiff." The hearing was initially scheduled for February 13, 2017 and then continued to March 2, 2017. On February 24, Ms. Morales (alone) sent a letter to the court asking it to dismiss the case and cancel the hearing. The court did neither. The hearing was held. Ms. Morales neither called in nor made any appearance at the hearing. She also filed nothing, much less anything explaining how Mr. Buell came to be a plaintiff in this case.

On March 3, 2017, the court issued an entry order in response to the request to dismiss:

The case is not dismissed.

Serendipity Morales was required to appear on March 2, 2017 for a Show Cause Hearing to explain how the case came to be filed with Mr. Buell as a plaintiff. The hearing was held, but Serendipity Morales did not appear, despite the fact that the Motion to Dismiss had not been granted and the hearing had not been cancelled. The hearing is continued to a new date.

**Serendipity Morales is ordered to appear at the new hearing date and time by telephone to explain how the case came to be filed with Mr. Buell as a Plaintiff and to show cause why sanctions should not be imposed for failure to attend the Show Cause Hearing on March 2, 2017.**

The new hearing was scheduled for March 27, 2017.

On March 10, 2017, Ms. Morales (alone) filed another motion to voluntarily dismiss this case. In it, she represented: "I have not heard anything back with respect to my previous Plaintiff's Motion to Dismiss."[1] She also mentions in the motion that she has cases against Mr. Buell in other courts relating to "acts of domestic abuse."

On March 13, 2017, the court received a letter from Mr. Buell supported by an executed and notarized affidavit from him. He clearly asserts that he has no contact with Ms. Morales as they are in different facilities, that he knew nothing about the filings in this case bearing his name, and that Ms. Morales forged his name on all of them.

At the second hearing on March 27, 2017, Ms. Morales again, despite clear notice to appear, did not appear.

On April 27, 2017, Ms. Morales filed a document representing that Mr. Buell admitted in text messages to third parties that he lied about whether Ms. Morales forged his signature.

No defendant has ever been served in this case.

---

[1] It is possible that she had not yet received the court's March 3 entry when she said she had not received anything responsive to her dismissal motion. However, subsequently she has never provided any explanation about how Mr. Buell became a plaintiff in this case.

2

*Rule 11*

Rule 11(a) of the Vermont Rules of Civil Procedure requires a party's attorney, if there is one, or an unrepresented party to sign "[e]very pleading, written motion, and other document that requires a signature" in that persons's "individual name." V.R.C.P. 11(a). The significance of that signature and other representations to the court is explained in subsection (b):

> **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other document, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

V.R.C.P. 11(b). Violations of Rule 11 are punishable with appropriate sanctions. V.R.C.P. 11(c). The obligation is important to the integrity of the functioning of the court. The court needs to know that pleadings are based on good faith inquiry and for a proper purpose and that the parties filing them take responsibility for the accuracy of the content.

The record raises the question of whether Ms. Morales forged Mr. Buell's name on the complaint, notice to proceed pro se, motion to waive filing fees, and the first motion to dismiss, and then subsequently repeatedly sought dismissal and did not appear for two hearings when required to do so. If so, these are serious Rule 11(b) violations.

On its own motion, the court now orders Ms. Morales to show cause why she should not be sanctioned pursuant to Rule 11 for such conduct.[2]

Accordingly, Ms. Morales shall have until July 21, 2017 to file a notarized affidavit setting forth facts as to whether she violated Rule 11(b) in the manner specified above. See *Zorn v. Smith*, 2011 VT 10, ¶ 14, 189 Vt. 219 ("Upon belief that these requirements have been

---

[2] This is not Ms. Morales' first experience with Rule 11. See *Morales v. Pallito*, Temporary Order, No. 242-8-12 Oscv (Vt. Super. Ct. Aug. 27, 2012) (permitting no further filings in IFP cases after Ms. Morales filed approximately 50 frivolous cases in a short period of time).

violated, the court may issue an order describing the specific conduct in question and direct a party to show cause why no violation should be found.").

If nothing is filed, or if, after reviewing the filing, the court concludes that Ms. Morales violated Rule 11, potential sanctions might possibly include, among others, a ruling that she may not file pleadings with this court without prior approval of the court.

ORDER

All pending motions to dismiss any claims against the named Defendants are granted.

Ms. Morales shall have until July 21, 2017 to file a response to the above Order to Show Cause in the manner described above.

Dated at Montpelier, Vermont this _____ day of June 2017.


_____
Mary Miles Teachout
Superior Judge

4